IN this case the declaration was in the following' words:-
"Superior Court, Botetourt County, to wit; Charles Ta~jlor complains of George Backus, in custody, &e., "of a plea of covenant broken; for this, that, whereas, "by certain articles of agreement, made and entered *489 itilo, on tlie 24tli day of May 181G, at tlie parish of 44 in the County aforesaid, and within the jurisdiction of « this Court, between the said Charles Taylor of the one 44 part and the said George Backus of the other part, seal-44 ed with their seals and bearing date the day and year 4'4 aforesaid, and to the Court now here shewn; by which 44 he the said Taylor did agree to rent to the said George 44 Backus his establishment at the Yellow Springs, to-44 gether with what furniture he could spare, and his cook 44 Nathan; in consideration whereof, the said George “ Backus did agree to pay unto the said Taylor, on the 44 first day of September next ensuing, the sum of six 44 hundred dollars current money of Virginia; by virtue “ of which said articles, he the said Backus did enter 44 upon and take possession of tlie establishment of the 44 said Taylor at the Yellow Springs:—and the said Tay ■ 44 lor in fact says, that, although he hath, well and faitli44 fully, according to the tenor and effect of tlie said ar44 tides of agreement, performed and kept all and singu44 lar the covenants in the articles aforesaid, above speci44 lied, on the part of the said Taylor to be observed; yet 44 the said Backus on his part hath not performed, ac-44 cording to the tenor and effect of the said articles of 44 agreement, the covenants in the articles aforesaid, 44 above specified, on the part of the said Backus to be 44 performed. And the said Taylor saitli, that the said 44 Backus hath not kept his said Covenant made by him. 44 to the said Taylor; that he hath not paid tlie said sum 44 of money, which he agreed to pay; to wit, six hundred 44 dollars; at the time appointed, to wit, on the first day 44 of September next ensuing; neither hath he paid the 44 same before, or since, though often requested; but the 44 same to pay lie hath hitherto altogether refused, and 44 still doth refuse; whereupon said Taylor saitli he is 44 prejudiced, and hath damage to the value of , and 44 therefore he brings his suit.”
The defendant craved Oyeroi the articles of agreement, which were as follow:—4* Articles of agreement made 44 and entered into this 24th day of May 1816, between *490 a Charles Taylor of the one part and George Backus oí “ the other part, witness, that the said Charles Taylor “ doth rent to the said George Buckus, for the approach- “ seas01b his establishment at the Yellow Springs in “ the County of Montgomery, together with as many a beds and furniture as the said Taylor can spare, also as “ many dishes, plates, cups and saucers, knives and forks? “ and kitchen furniture as he can spare from the use of his “ own house, and his cook Nathan. In consideration of “ which, the said Backus engages on his part to keep the “ best accommodations for visitors; is to board the said “ Taylor and his wife during such part of the season as they “ may stay, and furnish them with the shed room of the “ framed housenext the dining room; is to return at the end “ of the season all articles of furniture belonging to said “ Taylor, in as good condition as when received, natural tf wear excepted, and to make restitution for any that ff may bo lost or destroyed; is not to suffer any of the £( trees standing in the yard around the Springs to he ft cut or injured, or suffer any of the buildings to be unff necessarily abused or injured; and, on the first day of <‘ September next, is to pay unto the said Charles Taylor “ the sum of six hundred dollars in current money of f‘ Virginia. For the true and faithful performance of ff this agreement, we bind ourselves, our heirs &c., each ft to the other, in the sum of twelve hundred dollai’s.— ** Witness our hands and seals the date aforesaid.”
The defendant demurred generally to the declaration; which demurrer being overruled on argument, he pleaded that he had not broken his covenant. At the trial, the plaintiff offered the said articles of agreement as evidence to the Jury, to which the defendant objected on the ground that the said writing was not the same described in the declaration; but the Court, being of opinion that there was no substantial variance, permitted it to go the Jury; to which opinion the defendant excepted.— Verdict and Judgment for the plaintiff for 58373 58 cents, damages and Costs; from which the defendant appealed to this Court, where the same was affirmed.